# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. INGRASSIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-849 DDN |
| | ) | |
| KEITH SCHAFER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's show cause order why this action should not be dismissed as time-barred. Because it plainly appears from the face of the petition and petitioner's response that the case is time-barred, the Court will summarily dismiss this action. See Rule 4 of the Rules Governing § 2254 Cases.

According to the petition, petitioner was adjudicated to be a sexually violent predator on April 12, 2001. Petitioner filed a direct appeal, and his appeal was dismissed on December 10, 2002, pursuant to Missouri's escape rule. See Ingrassia v. State, 103 S.W.3d 117 (Mo. Ct. App. 2002). Petitioner's application for transfer was denied on May 27, 2003, and the Missouri Court of Appeals issued its mandate on June 5, 2003. Petitioner says that he filed a petition for writ of habeas corpus in the Circuit Court of Francois County on January 13, 2010. The petition was summarily denied. Petitioner filed subsequent petitions in the Missouri Court of Appeals and the Missouri Supreme Court, which were also summarily denied.

Petitioner's one-year period of limitations began running on June 5, 2003, the date on which the Missouri Court of Appeals issued its mandate. Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Therefore, according to the face of the petition, the limitations period ended on June 5, 2004.

Petitioner argues that the petition should not be time-barred because he escaped from civil custody and while he was "at large" he did not commit any sexually violent crimes. Petitioner further argues that after he was captured he had the help of several lawyers, none of whom advised him of his one-year period of limitations to file a federal habeas petition.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted . . . Thus, tolling is even less appropriate in a case where the petitioner is represented by counsel."); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

None of the reasons presented in petitioner's response justify equitable tolling of the limitations period. First, petitioner's escape from custody was a matter entirely in his own control. Second, the fact that he did not know about the limitations period cannot warrant equitable tolling. As a result, the Court will summarily dismiss the instant petition as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**. [Doc. 1]

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED**. [Doc. 3]

An Order of Dismissal will accompany this Memorandum and Order.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of June, 2010.