# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. INGRASSIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-849 DDN |
| | ) | |
| KEITH SCHAFER, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

This matter is before the Court on petitioner's motion for leave to file a motion for certificate of appealability out of time. The Court dismissed this action on June 3, 2010; in its dismissal, the Court denied a certificate of appealability. Petitioner argues that he should be allowed to file a late motion for certificate of appealability because he did not know at the time of dismissal that he could file a notice of appeal in this action. It appears that petitioner intended to file this document directly with the United States Court of Appeals for the Eighth Circuit. The motion will be denied.

Federal Rule of Appellate Procedure 22 provides:

> In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. *If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.*

Fed. R. App. P. 22(b)(1) (emphasis added).

This Court denied a certificate of appealability when it dismissed this action. This Court will not issue a certificate of appealability because the grounds raised in the petition are wholly frivolous.

As a result, the motion is moot. Under the Rules of Appellate Procedure, petitioner may request a certificate of appealability from the Court of Appeals.

Alternatively, even if the Court were to construe the instant motion as a motion to reopen the time for filing an appeal, the Court would deny the motion. Under Federal Rule of Appellate Procedure 4(a),

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The conditions listed in Rule 4(a)(6) are not satisfied because petitioner does not claim that he did not receive notice of the final judgment in this case within twenty-one days after entry. And the instant motion has not been filed in a timely fashion because it was filed more than ten months after the final judgment was entered. As a result, the Court cannot reopen the time for filing an appeal in this action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to file a motion for certificate of appealability out of time is **DENIED**. [Doc. 10]

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of May, 2011.